Marc C. Forsythe – State Bar No. 153854
Donald W. Reid – State Bar No. 281743
**GOE & FORSYTHE, LLP**
18101 Von Karman Ave., Ste. 1200
Irvine, CA 92612
mforsythe@goeforlaw.com
dreid@goeforlaw.com
Telephone:  (949) 798-2460
Facsimile:   (949) 955-9437

Attorneys for Walter E. Simmons, Jr., Interested Party

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>CAR CHAMPS, LLC,<br><br><br>Debtor and Debtor-in-Possession. | Case No.  8:16-bk-11629-CB<br><br>Chapter 11 Proceeding<br><br>**WALTER E. SIMMONS, JR.'S NOTICE OF MOTION AND MOTION FOR SANCTIONS AWARDED AGAINST SCOTT KOHN, CASH FLOW INVESTMENT PARTNERS, LLC, AND/OR DEBTOR'S PROPOSED COUNSEL WOOLF & NACHIMSON, LLP FOR FILING A CHAPTER 11 BANKRUPTCY PETITION IN BAD FAITH; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>**[Request for Judicial Notice, Declarations of Marc C. Forsythe and Andrew K. Puls in Support Thereof Filed Concurrently Herewith]**<br><br>Hearing:<br>Date:      June 22, 2016<br>Time:     11:00 a.m.<br>Place:     411 West Fourth Street<br>              Courtroom 5D<br>              Santa Ana, CA 92701 |

1

**TO THE HONORABLE CATHERINE BAUER, UNITED STATES BANKRUPTCY JUDGE, THE UNITED STATES TRUSTEE, SCOTT KOHN (AS AN INDIVIDUAL AND AS THE MANAGER OF CASH FLOW INVESTMENT PARTNERS, LLC (A DELAWARE LIMITED LIABILITY COMPANY)), CASH FLOW INVESTMENT PARTNERS, LLC (A DELAWARE LIMITED LIABILITY COMPANY), DEBTOR'S PROPOSED COUNSEL WOOLF & NACHIMSON, LLP, THE DEBTOR, AND TO ALL CREDITORS AND PARTIES IN INTEREST:**

**PLEASE TAKE NOTICE** that Walter E. Simmons ("Movant" or "Simmons") hereby files this motion for sanctions awarded against Scott Kohn, an individual ("Kohn"), Cash Flow Investment Partners, LLC, a Delaware Limited Liability Company ("CFIP"), Kohn as "the manager" of CFIP, and/or Debtor's proposed counsel Woolf & Nachimson, LLP ("W&N"), jointly and severally, for filing the CAR CHAMPS, LLC ("Debtor") Chapter 11 petition in bad faith (the "Motion").

This Motion is made pursuant to Federal Rules of Bankruptcy Procedure Rule 9011, and is supported by the attached Memorandum of Points & Authorities and the concurrently filed declarations of Andrew K. Puls (the "Puls Sanctions Dec."), and Marc C. Forsythe (the "Forsythe Sanctions Dec."), and the Request for Judicial Notice (the "Sanctions RJN"). The Motion is based upon this Court's ruling at the May 24, 2016 hearing on Movant's Motion to Dismiss [Docket No. 19] that Debtor's Chapter 11 petition was filed in bad faith, and the following[1]:

1. At the April 28, 2016 Case Management Conference in this bankruptcy case, counsel for Movant and the United States Trustee ("U.S.T.") appeared to discuss with Debtor's proposed counsel (W&N) why the Debtor's Chapter 11 bankruptcy case was filed given the prior stipulation to appoint a receiver in the State Court

---

[1] *See* Forsythe Sanctions Dec., filed concurrently herewith and incorporated herein by this reference.

2

Action[2], the hotly contested dispute over ownership of the Debtor in the State Court Action, and the apparent forum shopping by Mr. Kohn, as an individual and as the manager of CFIP. After a discussion to dismiss the case at the April 28, 2016 hearing, the U.S.T. suggested that a fully noticed motion should be filed.

2. Movant's counsel notified W&N on April 29, 2016 that Movant believed that a motion to dismiss would be granted, and if Movant was forced to incur the fees and costs to achieve the same, then sanctions would be sought. By email dated May 1, 2016, W&N, on behalf of the Debtor, declined the request to voluntarily dismiss Debtor's petition, thus forcing Movant to incur substantial additional legal fees and costs to achieve the dismissal of Debtor's petition.

3. Kohn did not have authority on behalf of the Debtor to file this Chapter 11 petition. Kohn acted in bad faith when he executed, under penalty of perjury, the "Statement Regarding Corporate Resolution" indicating that CFIP (which is Kohn's company) is the 100% owner of the Debtor, and was "authorized" and "directed" to file this Chapter 11 petition when he knew his ownership interest in the Debtor was hotly disputed in the pending State Court Action.

4. In paragraph 32 of Kohn's declaration filed in Opposition to the Motion to Dismiss [Docket No. 31], Kohn admits that he filed this Chapter 11 petition based on his claim that the State Court Receiver was dissipating assets, which is further evidence of his bad faith in filing this Chapter 11 petition to forum shop rather than seeking relief from the State Court who appointed the receiver.

5. Kohn filed this Chapter 11 petition in order to frustrate the State Court Receiver and gain a strategic litigation advantage in his two-party dispute with the Movant.

6. Debtor failed to comply with the U.S.T.'s requirements, including not providing proof of insurance, not opening debtor-in-possession bank accounts, and not filing

---

[2] *Future Income Payments, LLC, et. al. v. Car Champs, LLC, et al.,* Case No. BC602144 (the "State Court Action").

3

its April Monthly Operating Report as required by the Local Bankruptcy Rules (LBR 2015-2(b)).  When questioned by the Court as to such failures, Debtor's counsel stated that he wanted to see what happened at the May 24, 2016 hearing before he complied with these requirements.

7. After W&N filed its employment application on May 4, 2016 on negative notice, Movant was forced to file an Objection and Request for a Hearing [Docket No. 41], noting the lack of Kohn's authority, on behalf of the Debtor, to retain W&N and the failure of proper disclosure of the $25,000 post-petition retainer given to W&N.  At the May 24, 2016 hearing on the Motion to Dismiss, W&N disclosed, for the first time that the $25,000 post-petition retainer was received from CFIP (in violation of 11 U.S.C. Section 329(a) and Fed. Rule of Bankr. Proc. Rule 2016(c)), which warrants disgorgement of the $25,000 from W&N pursuant to *In re Park-Helena Corp.*, 63 F.3d 877, 800-801.

Movant has incurred actual damages of $30,514.28 through the date of the filing of this Motion.  Movant requests that the $25,000 post-petition retainer held by W&N be forwarded to the trust account of Movant's counsel (Goe & Forsythe, LLP) and the balance of actual damages be awarded as a judgment in favor of Goe & Forsythe, LLP and Dinsmore & Shohl, LLP. Movant will file a supplement for additional fees incurred in filing a reply and attending the hearing.

**PLEASE TAKE FURTHER NOTICE THAT OPPOSITIONS, IF ANY, MUST BE IN WRITING AND FILED AND SERVED ON THE UNITED STATES TRUSTEE, DEBTOR, DEBTOR'S COUNSEL, MOVANT, THE TOP TWENTY LARGEST UNSECURED CREDITORS, AND ALL OTHERS REQUESTING SPECIAL NOTICE, AT LEAST FOURTEEN (14) DAYS BEFORE THE HEARING IN THE FORM REQUIRED BY LBR 9013-1(f).**

| | |
|---|---|
| 1 | Dated: June 1, 2016 |
| 2 | |
| 3 | |
| 4 | |
| 5 | |

Dated: June 1, 2016                Respectfully submitted by:

GOE & FORSYTHE, LLP

By:    */s/ Marc C. Forsythe*
Marc C. Forsythe, Attorneys for Walter E. Simmons, Jr., Party-in-Interest

## MEMORANDUM OF POINTS & AUTHORITIES

**I.    INTRODUCTION**

This Court has already ruled that Kohn, on behalf of CFIP[3] and the Debtor, filed Debtor's Chapter 11 petition in bad faith. Kohn committed perjury by executing, **under penalty of perjury**, the "Statement Regarding Corporate Resolution" indicating that Kohn was the "Manager" of the Debtor, and was "authorized" and "directed" to file this Chapter 11 proceeding. Furthermore, Kohn stated under penalty of perjury that he acquired a 100% ownership interest in the Debtor on November 30, 2015, knowing full well that this was and continues to be disputed by Movant. In the Opposition[4] to the Motion to Dismiss, Kohn further admitted to the improper purpose of the filing of the Chapter 11 petition based on his belief that his only option was to file a voluntary petition based on his complaints about the State Court Receiver, who he stipulated to less than one (1) month earlier. Kohn never provided any evidence in this bankruptcy case that he sought relief for such complaints in the State Court Action.

W&N is equally responsible for the bad faith filing by not exercising any due diligence to determine if Kohn had the authority to execute the "Statement Regarding Corporate Resolution", or that Kohn was the "Manager" of the Debtor, and was "authorized" and "directed" to file this Chapter 11 proceeding. Any level of due diligence into the State Court Action would have revealed that ownership of the Debtor was clearly in dispute. Furthermore, arguing that the January 29, 2016, Notice of Ruling established Kohn's ownership of the Debtor was a blatant attempt to mislead the Court.[5] W&N also argued in its Opposition that *In re Cadiz Properties, Inc.*, 278 B.R. 744 (Bankr. N.D. Tex. 2002) stood for the proposition that Kohn was the "presumptive" owner, and thus had authority to execute the Chapter 11 petition. However, as

---

[3] Cash Flow Investment Partners, LLC, a Delaware Limited Liability Company ("CFIP").

[4] *See* **Exhibit Nos. "4", "5" and "6"** to Sanctions RJN (Opposition to Motion to Dismiss, Request for Judicial Notice, and Kohn Declaration in Support thereof [Docket Nos. 30, 31 and 32, respectively]), incorporated herein by this reference.

[5] *See* **Exhibit "9"** to Sanctions RJN (Second Request for Judicial Notice in Support of Reply to Opposition to Motion to Dismiss [Docket No. 39]).

6

noted in Movant's Reply[6], *In re Cadiz* involves the **exact opposite** scenario as the Debtor (i.e., Movant is the presumptive owner and not Kohn). Additionally, W&N filed its employment application on negative notice ("W&N Employment Application") after the April 28, 2016 Case Management Conference and after Movant warned W&N of his intent to file a Motion to Dismiss. After Movant was forced to object to the W&N Employment Application[7], W&N admitted at the May 24, 2016 hearing that the $25,000 post-petition retainer was paid by a third party (CFIP), which is in clear violation of the disclosure requirements of 11 U.S.C. Section 329(a) and Fed. Rule of Bankr. Proc. Rule 2016(c). Although W&N found time to file its employment application, it failed to comply with numerous other U.S.T. requirements, including not providing proof of insurance, not opening Debtor-in-possession bank accounts, and not filing its April Monthly Operating Report as required by the Local Bankruptcy Rules (LBR 2015-2(b)). When questioned by the Court at the May 24, 2016 hearing as to why the Debtor failed to comply with these requirements, Debtor's counsel stated that he wanted to see the ruling on the Motion to Dismiss before he complied with these requirements.

Movant has been actually damaged in the amount of $30,514.28 in attorneys' fees and costs incurred through the date of the filing of this Motion in relation to the attorneys' fees and costs incurred in addressing all aspects of Kohn, on behalf of himself and CFIP, and W&N's bad faith filing of Debtor's Chapter 11 petition. Subject to Movant filing a supplement for fees incurred in filing a reply to this Motion and attending the hearing.[8] The Motion should be granted, and sanctions of at least $30,514.28 be awarded against Kohn, CFIP and W&N, jointly and severally.

---

[6] *See* Sanctions RJN, **Exhibits "7", "8" and "9"** (Evidentiary Objections to Kohn Declaration, Reply to Opposition to Motion to Dismiss, and Second Request for Judicial Notice [Docket Nos. 37, 38 and 39]), incorporated herein by this reference.

[7] *See* Sanctions RJN, **Exhibits "12" and "13"** ([Docket Nos. 23 and 41, respectively thereto], filed concurrently herewith and incorporated herein by this reference. **Exhibit " 12"** is the W&N Employment Application and **Exhibit "13"** is Movant's Objection to the same.)

[8] See **Exhibits"14"** and **"15"** to the Forsythe Sanctions Dec. and ¶'s 5a-s of the Puls Sanctions Dec.

7

Movant requests that the $25,000 post-petition retainer held by W&N be forwarded to the trust account of Movant's counsel (Goe & Forsythe, LLP) and the balance of actual damages be awarded as a judgment in favor of Goe & Forsythe, LLP and Dinsmore & Shohl, LLP.

## II. STATEMENT OF FACTS

### A. The Motion to Dismiss, the Reply to the Opposition to the Motion to Dismiss, and all Pleadings in Support Thereof.

Rather than set forth all of the facts in all pleadings filed in support of the Motion to Dismiss, Movant is filing concurrently herewith the Sanctions RJN of all such pleadings. All facts, evidence and arguments presented in the pleadings in support of the Motion to Dismiss and Movant's Reply to the Opposition to the Motion to Dismiss are incorporated herein by this reference. *See* Sanctions RJN, **Exhibits "1" through "13"**.

## III. ARGUMENT

### A. The Court Should Award Sanctions Against Kohn, CFIP and/or Woolf & Nachimson, LLP, Jointly and Severally.

#### 1. Legal Standard for Rule 11 Sanctions.

Federal Rule of Bankruptcy Procedure, Rule 11 provides in relevant part as follows:

> "The signature of an attorney or a party constitutes a certificate by him that he has read the document [served]; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass, to cause delay, or to increase the cost of litigation. . . . If a document is signed in violation of this rule, the court on motion or on its own initiative, shall impose on the person who signed it, the represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the document, including a reasonable attorney's fee."

8

Bankruptcy Rule 9011, like its sister rule, Federal Rule of Civil Procedure 11, calls for the imposition of sanctions on litigants and attorneys who file pleadings and papers in violation of the rule's requirements. These requirements are two-fold: First, the signer of the pleading must certify it is not frivolous, i.e. that "it is well-grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law." Bankr. R. 9011. Second, the signer must ensure that the paper or pleading "is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." *Id.* Bankruptcy courts must consider both frivolousness and improper purpose on a sliding scale when determining whether to award sanctions. *In re Marsch,* 36 F.3d 825, 829 (9th Cir. 1994) (holding that sanctions were proper where petition, even if not frivolous, was filed for an improper purpose.)

In *In re Silberkraus*, 336 F. 3d 864 (9th Cir. 2003), the Ninth Circuit Court of Appeals affirmed the bankruptcy court's sanctions award of over $57,000 against the petitioner for filing a Chapter 11 petition for the improper purpose of delaying state court litigation in a commercial dispute. Similar to this case, the dispute in *Silberkraus* involved the dispute over an option to purchase commercial property. The Court noted Debtor Silberkraus' improper motive of forum shopping (as is the case with Kohn in this case)(*Id.* at 870) and approved of the bankruptcy court's finding that:

> "[i]t was bad faith for Debtor Silberkraus to seek to use bankruptcy to alter whatever result would have been achieved by continuing to litigate the state court action with Coppersmith and Seeley. (citing to *Chinichian v. Campolongo (In re Chinichian)*, 784 F.2d 1440, 1444-46 (9th Cir. 1986)(the strategic filing of a bankruptcy petition to frustrate and to impede a specific performance action in state court constitutes a bad faith filing).

See *Silberkraus*, 336 F. 3d at 870-1.

The Court in *Silberkraus* also noted that the mandatory 21-day safe harbor rule does not apply to the filing of the initial petition (*Id.* at 868) and sanctions in the amount of some or all of

reasonable attorneys' fees and costs and other expenses are authorized pursuant to Fed. R. Bankr. P.9011(c)(2) (*Id*. at 871).

## 2. Kohn, CFIP's and W&N's Actions that Warrant Sanctions for the Actual Damages Incurred By Movant.

The undisputed facts in this case warrant an award of sanctions against Kohn, CFIP and W&N, jointly and severally.  Kohn filed this Chapter 11 bankruptcy case less than one (1) month after stipulating to the State Court Receiver for the apparent purpose of terminating and frustrating the Receiver from exercising his powers under the Stipulated Receiver Order.  As Kohn stipulated to a Receiver on March 17, 2016, one must conclude that the Receiver did something between March 17, 2016, and the bankruptcy petition filing date of April 15, 2016, that caused him to file this Chapter 11 bankruptcy petition and demand turnover of all of the Debtor's books, records and assets from the State Court Receiver (as demanded by Debtor's counsel pursuant to 11 U.S.C. Section 543).  If Kohn was acting in good faith, he would have filed a motion/*ex parte* application in the State Court Action to object to whatever actions the Receiver was taking that he believed were improper.  Apparently believing that the Superior Court Judge would not agree with him, Kohn acted in bad faith to improperly seek a different forum.  Furthermore, Kohn's interest is clearly in dispute, yet he commits perjury in executing the Statement Regarding Corporate Resolution that he is the 100% owner of the Debtor and authorized to commence this bankruptcy case.

Debtor's Opposition and the testimony at the May 24, 2016 hearing further evidence the bad faith of Kohn, CFIP and W&N, which is summarized as follows:

- In its Opposition, Kohn, CFIP and W&N attached the January 29, 2016 Notice of Ruling [**Exhibit "6"** to the Sanctions RJN] filed in the State Court Action, and presented the same to this Court without any reference to the indisputable fact that (1) Movant filed a pleading objecting to such Notice of Ruling, and (2) no State Court Minute Order adopted such Notice of Ruling.  The January 29, 2016 Notice of Ruling was never adopted in the State Court Action and was filed to mislead this

Court as to the determination of ownership of the Debtor.  See Forsythe Sanctions Dec., ¶ 4.

- In the Opposition[9], W&N cited to *In re Cadiz Properties, Inc.*, 278 B.R. 744 (Bankr. N.D. Tex. 2002) for the proposition that Kohn was the "presumptive" owner, and thus had authority to execute the Chapter 11 petition.  However, as noted in Movant's Reply[10], *In re Cadiz* involves the **exact opposite** scenario as the Debtor (i.e., Movant is the presumptive owner and not Kohn).

- In support of the Opposition, Kohn declares[11] (under penalty of perjury again) to his problems with the State Court Receiver being the reason for the filing of the Debtor's Chapter 11 petition (a classic 2 party dispute[12]).  Kohn also submits scurrilous allegations as to (1) actions taken by Movant that are causing irreparable harm to the Debtor and preventing the Receiver from properly exercising his duties, (2) the lack of action taken by the Receiver to recover assets, engage in an "aggressive collection approach", or attempt to recover assets from the Movant, and (3) claiming the Receiver has "needlessly exposed the Debtor to further

---

[9] *See* Sanctions RJN, **Exhibit "4"**.

[10] *See* Sanctions RJN, **Exhibits "7", "8" and "9"** (Evidentiary Objections to Kohn Declaration, Reply to Opposition to Motion to Dismiss, and Second Request for Judicial Notice [Docket Nos. 37, 38 and 39]), incorporated herein by this reference

[11] *See* Sanctions RJN, **Exhibit "5"**.

[12] Courts have routinely dismissed bankruptcy cases filed merely to obtain tactical litigation advantages. *See In re SGL Carbon Corp.,* 20 F.3d at 165 (chapter 11 case dismissed based on debtor's lack of good faith in filing petition solely as a litigation tactic in pending antitrust litigation); *Monsour Med. Ctr., Inc. v. Stein (In re Monsour Med. Ctr. Inc.)*, 154 B.R. 201, 208 (Bankr. W.D. Pa. 1993) ("Filing a bankruptcy petition as a tactic to litigate non-bankruptcy issues or to resolve a dispute indicates bad faith.") *In re Ravick Corp.,* 106 B.R. 834, 844-51 (Bankr. D.N.J. 1989) (finding that a reorganization petition filed as a litigation tactic in an essentially two-party dispute over real estate contracts was properly resolvable in state court); *In re HBA East, Inc.*, 87 B.R. 248, 259-60 (Bankr. E.D.N.Y. 1988).  "As a general rule where, as here, the timing of a Chapter 11 petition is such that there can be no doubt that the primary, if not sole, purpose of the filing was a litigation tactic, the petition may be dismissed as not being filed in good faith."

11

liability" and allowed for the "dissipation of the Debtor's assets[13]. Kohn, however, provides no evidence or reason as to why he did not submit such complaints to the State Court and why he deemed his "only option" the filing of a bankruptcy petition[14].

- The W&N Employment Application[15] was filed on negative notice after the April 28, 2016 Case Management Conference and after Movant warned of his intent to file a Motion to Dismiss (W&N must have known that its Employment Application would be objected to). After Movant was forced to object to the W&N Employment Application[16], W&N admitted at the May 24, 2016 hearing that the $25,000 post-petition retainer was paid by a third party (CFIP), which is in clear violation of the disclosure requirements required by 11 U.S.C. Section 329(a) and Fed. Rule of Bankr. Proc. Rule 2016(c). Although W&N found time to file its employment application, the U.S.T noted at the May 24, 2016 hearing that Debtor had failed to comply with numerous other U.S.T. requirements, including not providing proof of insurance, not opening Debtor-in-possession bank accounts, and not filing its April Monthly Operating Report as required by the Local Bankruptcy Rules (LBR 2015-2(b)). When questioned by the Court as to why the Debtor failed to comply with these requirements, Debtor's counsel stated that he wanted to see what happened at the May 24, 2016 hearing before he complied with these requirements. See Forsythe Sanctions Dec., ¶ 5.

There is absolutely no justification for the bad faith filing of this bankruptcy case, Kohn's perjurious statements in the "Statement Regarding Corporate Resolution" that he is authorized to

---

[13] See Sanctions RJN, **Exhibit "5"**, ¶ 25-31 of the Declaration of Scott Kohn [Docket #31] filed in support of the Opposition.

[14] *See* Sanctions RJN, **Exhibit "5"**, ¶ 32 of the Kohn Declaration.

[15] *See* Sanctions RJN, **Exhibit "12"**.

[16] *See* Sanctions RJN, **Exhibit "13"**.

12

file this bankruptcy and that he is the 100% owner of the Debtor or W&N's numerous failures to exercise due diligence before filing this bankruptcy case, arguing case law that is clearly inapplicable to the bankruptcy case, failing to make disclosures or comply with the rules, and arguing the January 29, 2106 Notice of Ruling without disclosing that it was opposed and never adopted as findings in the State Court Action. It is clear that the petition at issue here is on the "patently abusive"[17] end of the spectrum. The Chapter 11 bankruptcy petition and all pleadings, declarations and exhibits filed therein are replete with fraudulent statements and filed as an improper litigation tactic rather than as a legitimate reorganization effort.

Furthermore, there is no question here that Kohn filed the petition to gain a strategic litigation advantage in a two-party dispute. The key factor in making this determination is the timing of the petition in relation to other litigation events. *See Dutch Flat Investment Co.,* 6 B.R. 470 (Bankr. N.D. Cal. 1980). After several failed attempts to convince the Superior Court judge to issue a restraining order against Movant based on the alleged exercised option and then stipulating to the appointment of the receiver, Kohn is clearly displeased with the rulings to date in the State Court action and was blatantly forum shopping so as to reargue his case. These actions were in bad faith and warrant an award of sanctions.

Movant has been actually damaged to date in the amount of $30,514.28 in the attorneys' fees and costs through the date of filing this Motion incurred in addressing all aspects of Kohn, on behalf of himself and CFIP, and W&N's bad faith filing of Debtor's Chapter 11 petition. The Motion should be granted, and sanctions of at least $30,514.28 (plus a supplemental award) be awarded against Kohn, CFIP and W&N, jointly and severally.

---

[17] In order to ascertain whether a debtor meets the good faith requirements it is necessary to examine "the totality of facts and circumstances" and determine where a "petition falls along the spectrum ranging from the clearly acceptable to the patently abusive." *In re SGL Carbon Corp.,* 200 F.3d 154, 162 (3rd Cir. 1999). Once a movant demonstrates the existence of facts that evidence a bad faith filing, the burden of proof shift to the debtor to show that the filing was made in good faith. *In re Sherwood Enters., Inc.,* 112 B.R. 165, 170 (Bankr. S.D. Tex. 1989) (Clark, J.) (citing *In re Century City*, 8 B.R. 25, 30 (Bankr. D. N.J. 1980).

### B. W&N Must Disgorge the $25,000 Post-Petition Retainer.

Disclosure by professionals seeking to be retained by the bankruptcy estate is critical. 11 U.S.C. Section 329(a) states:

> Any attorney representing a debtor in a case under this title, or in connection with such case, whether or not such attorney applies for compensation under this title, shall file with the court a statement of the compensation paid or agreed to be paid, if such payment or agreement was made after one year before the date of the filing of the petition, for services rendered or to be rendered in contemplation of or in connection with the case such attorney, and the source of such compensation.

In *In re Park-Helena Corp.*, 63 F. 3d 877, 880-801 (9th Cir. Cal. 1995), the Ninth Circuit Court of Appeals held that the non-disclosure of the source of a retainer was grounds for disgorgement of the retainer.[18]

At the May 24, 2016 hearing on the Motion to Dismiss, Movant noted that the W&N Employment Application included a declaration from Ben Nachimson stating that the $25,000 post-petition retainer had been received from the Debtor. Movant then argued why the $25,000 paid to W&N after the April 15, 2016 petition date had not been turned over to the State Court Receiver, who was appointed on March 17, 2016. [See Forsythe Sanctions Dec., ¶ 5]. The stipulated order appointing the State Court Receiver required Kohn, CFIP, Movant, and others to turn over to all assets, books and records of the Debtor to the Receiver. W&N then admitted at the May 24, 2016 hearing that the $25,000 post-petition retainer had been received from CFIP. Not only is this disclosure missing from the W&N Employment Application, but there is also no discussion as to the conflict created by Kohn's entity, CFIP, paying the $25,000 post-petition retainer to W&N.

At the May 24, 2106 hearing on the Motion to Dismiss, Movant's counsel requested and the Court ordered W&N to retain the $25,000 post-petition retainer pending this Motion for Sanctions. The Court should require that W&N disgorge the entire $25,000 post-petition retainer to Goe & Forsythe, LLP to be applied to the sanctions requested by this Motion.

---

[18] See also Fed. Rule of Bankr. Proc. Rule 2016(c).

### C.  Evidence of Attorneys' Fees and Costs Do Not Have to Comply with U.S.T. Requirements.

Filed concurrently herewith are the Forsythe Sanctions Dec. and Puls Sanctions Dec. in support of the request for sanctions for the actual and necessary attorneys' fees and costs incurred in obtaining the dismissal of the Debtor's Chapter 11 petition filed in bad faith by Kohn, CFIP and W&N.  The amount of reasonable attorneys' fees is not governed by 11 U.S.C. Section 330 as neither Mr. Forsythe, Mr. Puls, or their law firms, are retained professional of the Debtor's now dismissed bankruptcy case.  Rule 9011 explicitly provides for a sanction award which may include a reasonable attorney's fees.  See *Seith v. Atlantic Fin. Sav. Bank*, 1994 U.S. App. LEXIS 498 (9th Cir. Jan. 5, 1994).[19]  Mr. Forsythe attaches to his declaration **Exhibits "14" and "15'** in support of fees requested of $26,109.50 and expenses of $747.78 (total of $26,857.28) through June 1, 2016 and Mr. Puls declares to his fees of $3,657.00 through June 1, 2016.  Movant reserves the right to supplement the fee request.

### IV.  CONCLUSION

Based on the foregoing, Movant respectfully requests that this Court award sanctions against Scott Kohn, on behalf of himself and CFIP, CFIP and W&N, jointly and severally, in amount the of $30,514.28 in attorneys' fees and costs incurred through the date of the filing of this Motion, in relation to the attorneys' fees and costs incurred in addressing all aspects of Kohn, on behalf of himself and CFIP, and W&N's bad faith filing of Debtor's Chapter 11 petition.  Movant requests that the Court consider as additional sanctions the additional fees and costs to be incurred by Goe & Forsythe, LLP and Dinsmore & Shohl, LLP to respond to reviewing the opposition to

---

[19] By analogy, preliminarily, awarding attorney's fees under § 303(i) and § 330 differ, although there is some overlap.  Both sections require reasonableness and utilize the "lodestar" method for doing so.  However, on its face, § 303(i) does not require that the fees be based on actual and necessary services.  *In re Better Care, Ltd.*, 97 B.R. 405, 413 (Bankr. N.D. Ill. 1989).  Likewise, recovery under § 303(i) does not require the type of application required under § 330 because the standard of proof under § 303(i)(1)(B) is that of consequential damages under state law, not § 330.  *In re Val. W. Poterek & Sons, Inc.*, 169 B.R. 896, 906 (Bankr. N.D. Ill. 1994).  "Another distinction is that section 330 deals with the standard for awarding fees, while section 303(i) deals with an aspect of damages.  As such the standards under section 330 are not controlling for purposes of section 303(i)."  2-303 *Collier on Bankruptcy* § 303.33[4][b].

the Motion, preparing and filing a reply to such opposition, attending the hearing on the Motion, and possibly additional fees and expenses related to the Proposed Findings of Fact and Conclusions of Law and the Proposed Order (i.e., for the Motion to Dismiss) submitted to the Court on May 25, 2016 [Docket Nos. 44, 45 and 48].

Movant requests that the $25,000 post-petition retainer held by W&N be forwarded to the trust account of Movant's counsel (Goe & Forsythe, LLP) and the balance of actual damages be awarded as a judgment in favor of Goe & Forsythe, LLP and Dinsmore & Shohl, LLP.

Dated: June 1, 2016

Respectfully submitted by:

GOE & FORSYTHE, LLP

By: */s/ Marc C. Forsythe*
Marc C. Forsythe, Attorneys for Walter E. Simmons, Jr., Party-in-Interest

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 18101 Von Karman Avenue, Suite 1200, Irvine, CA 92612

A true and correct copy of the foregoing document entitled (*specify*): **WALTER E. SIMMONS, JR.'S NOTICE OF MOTION AND MOTION FOR SANCTIONS AWARDED AGAINST SCOTT KOHN, CASH FLOW INVESTMENT PARTNERS, LLC, AND/OR DEBTOR'S PROPOSED COUNSEL WOOLF & NACHIMSON, LLP FOR FILING A CHAPTER 11 BANKRUPTCY PETITION IN BAD FAITH; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) June 1, 2016, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **David C Bernstein    dcb23@pacbell.net**
- **Aaron B Craig    acraig@aalrr.com, jgarcia@aalrr.com**
- **Marc C Forsythe    kmurphy@goeforlaw.com, mforsythe@goeforlaw.com;goeforecf@gmail.com**
- **Michael J Hauser    michael.hauser@usdoj.gov**
- **Benjamin Nachimson    ben.nachimson@wgfllp.com**
- **Matthew D Pham    mpham@afrct.com, msinclair@afrct.com**
- **Scott C Timpe    stimpe@mbnlawyers.com, scott.timpe@gmail.com;aacosta@mbnlawyers.com**
- **United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov**

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) June 1, 2016, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows: Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**: (state the method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) June 1, 2016, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows: Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

- The Honorable Catherine Bauer, USBC, 411 West Fourth Street, Santa Ana, CA 92701

Via Email:
- Scott Alan Kohn    scott@lumpsum-settlement.com

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| June 1, 2016 | Susan C. Stein | /s/Susan C. Stein |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

17

**SERVED BY UNITED STATES MAIL**:

| | |
|---|---|
| **Debtor**<br>Car Champs, LLC<br>18300 Von Karman Avenue, Suite 410<br>Irvine, CA 92612-0192 | **Debtor's Proposed Counsel**<br>Benjamin Nachimson<br>Woolf & Nachimson, LLP<br>15300 Ventura Blvd., Suite 214<br>Sherman Oaks, CA 91403 |
| **United States Trustee (SA)**<br>Michael J. Hauser<br>411 West Fourth Street, Suite 7160<br>Santa Ana, CA 92701 | **Counsel to Plaintiffs in State Court Action**<br>Jeffrey A. Rosenfeld<br>Jesse Steinbach<br>DLA PIPER LLP (US)<br>2000 Avenue of the Stars<br>Suite 400, North Tower<br>Los Angeles, CA 90067-4704<br><br>Isabelle L. Ord<br>DLA PIPER LLP (US)<br>555 Mission Street, Suite 2400<br>San Francisco, CA 94105-2933 |
| **Counsel to Future Income Payments, LLC**<br>William K. Henley<br>Simone M. Riley<br>HAHN & HAHN LLP<br>301 E. Colorado Blvd., Ninth Floor<br>Pasadena, CA 91101-1977 | **Counsel to State Court Receiver**<br>Alan M. Mirman<br>Scott C. Timpe<br>MIRMAN, BUBMAN & NAHMIAS, LLP<br>21860 Burbank Blvd., Suite 360<br>Woodland Hills, CA 91367 |

**VIA OVERNIGHT MAIL:**

Cash Flow Investment Partners, LLC
Scott Alan Kohn, Agent for Service
3535 E. Coast Highway, #119
Corona del Mar, CA 92625

Scott Kohn, an individual
c/o Cash Flow Investment Partners, LLC
3535 E. Coast Highway, #119
Corona del Mar, CA 92625

Cash Flow Investment Partners, LLC
Scott Kohn, Owner
18300 Von Karman Avenue, Suite 410
Irvine, CA 92612-0192

Cash Flow Investment Partners LLC
Agents and Corporations, Inc., Registered Agent
1201 Orange Street, Suite 600
One Commerce Center
Wilmington, DE 19801